UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YARON AHARONOV, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>AMSHER COLLECTION SERVICES, INC. And JOHN DOES 1-25,<br><br>Defendants. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff YARON AHARONOV (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, The Law Office of Alan J. Sasson, P.C., against Defendant AMSHER COLLECTION SERVICES, INC., (hereinafter "Defendant") and JOHN DOES 1-25, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt

1

allegedly owed by the Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA), 15 U.S.C. § 1692, *et seq*. ("FDCPA").

4. Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a Delaware corporation with an address of 600 Beacon Parkway West, Suite 300, Birmingham, Alabama 25209, operating as a collection agency.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- All New York consumers who were charged a Convenience Fee while attempting to make payment through Defendant's website in direct response to Defendant's attempt to collect an obligation owed to or allegedly owed to T-Mobile, in which the Defendant improperly attempted to collect an amount in excess of what was owed, in violation of 15 U.S.C. §1692 *et seq*.
- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have been charged Convenience or Service fees by Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a Convenience Fee charge that was also charged to hundreds of other persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:
    a.  Whether Defendant violated various provisions of the FDCPA;
    b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;
    c.  Whether Plaintiff and the Class have sustained damages and are

3

        entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   d.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without

4

remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to October 1, 2015, an obligation was allegedly incurred by Plaintiff to Defendant.

16. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

18. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

19. T-Mobile, directly or through an intermediary, contracted Defendant to collect the T-Mobile debt.

20. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. In its effort to collect on the T-Mobile obligation, Defendant mailed letters and/or placed a series of phone calls to the Plaintiff requesting payment of the alleged debt owed.

22. Plaintiff was contemporaneously notified by Defendant of the option to make payment online via credit card.

23. Upon entering Defendant's website to make payment, but prior to submitting payment, Plaintiff was made aware of an additional fee labeled "Convenience Fees" in the amount of $5.00 (*See* Exhibit A, page 3).

24. The notification and collection of Convenience Fees is unlawful.

25. Defendant's Convenience Fees demand is in violation of 15 U.S.C. §1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

26. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

27. Defendant attempted to charge said Convenience Fees on its website, as illustrated on the screenshots annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

29. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §

6

1692(e) and (f).

30. 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt.

31. Defendant violated 15 U.S.C. § 1692e(2)(A) by charging Plaintiff an amount in excess of what was actually owed in the guise of a Convenience Fee on Defendant's website.

32. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

33. Defendant attempted to collect an amount in excess of which it was authorized to collect by adding a Convenience Fee on its website in violation of the FDCPA.

34. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692(e) and (f) *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Alan J. Sasson, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

   (f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 26, 2015

          Respectfully submitted,

          By: /s/ Alan J. Sasson
          Alan J. Sasson, Esq. (AS8452)
          Law Office of Alan J. Sasson, P.C.
          2687 Coney Island Avenue, 2nd Floor
          Brooklyn, New York 11235
          Phone: (718) 339-0856
          Facsimile: (718) 338-6302
          *Attorney for the Plaintiff*
          *Yaron Aharonov*

## **DEMAND FOR TRIAL BY JURY**

  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

          */s/ Alan J. Sasson*
          Alan J. Sasson, Esq.

Dated: October 26, 2015